# UNITED STATES DISTRICT COURT

__WESTERN__ District of __ARKANSAS__

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 14 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES OF AMERICA
v.
BILLY CRAIG UNDERWOOD

JUDGMENT IN A CRIMINAL CASE

Case Number: 5:09CR50090-001

USM Number: 08263-010

Bruce L. Mulkey
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   One (1) of the Indictment on February 5, 2010

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 06/2009 | 1 |

  The defendant is sentenced as provided in pages 2 through __8__ of this judgment, with the court considering the guidelines as non-binding and advisory only.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   Two (2) through Nineteen (19)   ☐ is   X are   dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 10, 2010
Date of Imposition of Judgment

/S/ Jimm Larry Hendren
Signature of Judge

Honorable Jimm Larry Hendren, Chief United States District Judge
Name and Title of Judge

September 14, 2010
Date

DEFENDANT: BILLY CRAIG UNDERWOOD
CASE NUMBER: 5:09CR50090-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **one hundred eight (108) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   X before 2 p.m. on   November 10, 2010 .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BILLY CRAIG UNDERWOOD
CASE NUMBER: 5:09CR50090-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       BILLY CRAIG UNDERWOOD
CASE NUMBER:     5:09CR50090-001

## SPECIAL CONDITIONS OF SUPERVISION

1. Until such time as he has satisfied all monetary obligations imposed upon him by the sentence he has been awarded, the defendant shall not incur any new debt nor establish any bank or credit accounts unless receiving prior written approval from the U.S. Probation Officer, and he will make any information concerning his financial status available to the U.S. Probation Officer upon request.

2. The defendant shall be restricted from obtaining employment in real estate or mortgage related entities unless approved by the Court.

3. The defendant shall be restricted from obtaining employment where the defendant has access to any personal identifiers or bank account information.

Judgment — Page 5 of 8

DEFENDANT: BILLY CRAIG UNDERWOOD
CASE NUMBER: 5:09CR50090-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 15,000.00 | $ 1,887,983.90* |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution to the following payees in the amount listed below.

*The Court ordered restitution to be made to the victims identified by the Presentence Investigation Report, and in the amounts shown by that report to have been taken from them by defendant. Those victims and amounts are now identified, by reference to the said Presentence Investigation Report, as set forth below.

Each payee shall receive a pro-rata share of any and all payments of restitution made by Defendant. Pursuant to 18 U.S.C. Section 3664(i), all nonfederal victims must be paid before the united States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Stewart Title Guaranty | | $1,713,411.09*** | |
| Wells Fargo | | $97,236.90 | |
| Robert & Abbie Acosta, and/or National City Bank | | $314.96 | |
| Victor & Nubia Carpio, and/or National City Bank | | $3,188.71 | |
| Pedro Silva & Ana Salinas, and/or Wachovia | | $20,676.91 | |
| Scott & Tammy McCannon and/or First Tennessee | | $796.02 | |

(Continued on page 6, Sheet 5B)

(See additional terms and asterisks explanation on page 7, Sheet 5A)

**TOTALS**    $ _____0_____    $ ___1,887,983.90___

X Restitution amount ordered pursuant to plea agreement $ ___1,887,983.90___

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X the interest requirement is waived for the    X fine    X restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BILLY CRAIG UNDERWOOD
CASE NUMBER: 5:09CR50090-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Connie Mills and/or First Tennessee | | -0-*** | |
| Jimmy & Cheryl Tillery and/or Wells Fargo | | $12,341.93 | |
| Kim Gallagher and/or Colonial Bank | | $5,900.64 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BILLY CRAIG UNDERWOOD
CASE NUMBER: 5:09CR50090-001

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

**This loan involved defendant, himself. Accordingly, restitution is to be made only to Wells Fargo.

***The Presentence Investigation Report shows that Connie Mills and/or First Tennessee were victimized by defendant in the amount of $158,724.04 and that Stewart Title Guaranty Company has already paid them $160,955.60 - - which is $2,231.56 more than defendant reportedly took from them. Accordingly, no additional loss is shown for Connie Mills and the loss for Stewart Title guaranty Company - - per the Presentence Investigation Report - - has been reduced by $2,231.56, from $1,715,642.85 down to $1,713,411.09.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Case 5:09-cr-50090-JLH    Document 28    Filed 09/14/10    Page 8 of 14 PageID #: 181

Judgment — Page __8__ of __8__

DEFENDANT: BILLY CRAIG UNDERWOOD
CASE NUMBER: 5:09CR50090-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [X] Lump sum payment of $ __$1,903,083.90__ due immediately, balance due

  [ ] not later than _____ , or
  [X] in accordance [ ] C, [ ] D, [ ] E, or [X] F below; or

**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [X] Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater. After incarceration, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of not less than 10% of the defendant's net monthly household income, but in no case less than $300.00 per month, with the entire balance to be paid in full one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 10 2010

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | )<br>)<br>)  No. 5:09CR50090-001<br>) |
| v. | )<br>)<br>) |
| BILLY CRAIG UNDERWOOD<br>Defendant | )<br>) |

## CONSENT ORDER OF FORFEITURE

On February 5, 2010, the defendant, Billy Craig Underwood, having entered into a plea agreement with the United States, pleaded guilty to Count 1 of a 19-count Indictment (Doc. 11). Count 1 of the Indictment charged the defendant with Wire Fraud, in violation of 18 U.S.C.§ 1343 (Doc. 1).

In the Indictment, there was also included notice of the United States' intention to seek criminal forfeiture from the defendant. In the Forfeiture Allegation of the Indictment, the United States sought forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A) and/or 28 U.S.C. § 2461(c) incorporating by reference 18 U.S.C. §981(a)(1)(C) and 21 U.S.C. § 853, of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of Counts 1 through 9 of the Indictment, and/or any property used to facilitate said offenses. The United States also sought the forfeiture of property of the defendant pursuant to 18 U.S.C. § 982(b)(1), incorporating by reference 21 U.S.C. § 853(p), as substitute assets of the forfeitable property of the offenses alleged in the Indictment.

The forfeiture for the count of conviction is brought under Title 28 U.S.C. § 2461(c),

which authorizes forfeitures for violations of Title 18 U.S.C. § 1343.

Pursuant to the plea agreement entered into by the parties, the defendant agreed to forfeit any and all interest he had in the property listed in the Forfeiture Allegation of the Indictment (Doc. 11). The real property was forfeited as facilitating property [Id. at ¶ 30(b)], and consisted of the following:

> All real estate, together with buildings, appurtenances, improvements, fixtures, attachments and easements, including but not limited to the following tract of real estate:
>
> The premises known as address of 3606 Southern Hills Blvd, Rogers, Arkansas, 72758, otherwise known as the primary business premises of American Mortgage of Rogers (AMR), American Title and Escrow (ATE) and Eagle Realty, with the following legal description:
>
>> 1.06 acres MOL, and part of Section 27, Township 19 and Range 30, of the City of Rogers, Benton County, Arkansas, otherwise known as Lot 3, Southern Hills Business Park Addition to the City of Rogers, Benton County, Arkansas as shown on Plat Book 2003 at page 242 & 243.

Pursuant to the plea agreement, the defendant also agreed he had obtained $1,887,983.90 in proceeds from the scheme to commit wire fraud, in violation of 18 U.S.C. § 1343, and consented to a money judgment in the amount of $1,887,983.90 (Doc. 11). The defendant further consented to the entry of a Preliminary Order of Forfeiture (Id.; Doc. 14).

Accordingly, the United States moved pursuant to Fed. R. Crim. P. Rule 32.2(b) for the entry of a Preliminary Order of Forfeiture, forfeiting the property described in the Indictment to the United States, and submitted a proposed order to the Court. The proposed order was signed by Assistant United States Attorney Wendy Johnson, the defendant, his counsel, and Jenny Garrett, who represents The Corner Stone Bank, the primary lien holder on the real property listed in the proposed order (Doc. 14).

On March 10, 2010, this Court signed and entered a Preliminary Order of Forfeiture in this case (Doc. 14). On March 19, 2010, the Court filed a Supplement to the Preliminary Order of Forfeiture, incorporating Exhibit "A," a document which listed 4 tracts of property that are collateral for The Corner Stone Bank's mortgage on 3606 Southern Hills Boulevard, as well as a description of the real property subject to forfeiture (Doc. 15 and its Attachment).

Under Fed. R. Crim. P. 32.2(b)(3), based upon the defendant's guilty plea, the plea agreement between the defendant and the United States and the Court's entry of a Preliminary Order of Forfeiture, the United States was legally authorized to seize 3606 Southern Hills Boulevard. The United States, however, recognized that The Corner Stone Bank had and continues to have a first priority lien on 3606 Southern Hills Boulevard by virtue of a mortgage dated March 26, 2009, which was filed in the Office of the Circuit Clerk and *Ex-Officio* Recorder of Benton County, Arkansas, on March 27, 2009, in Mortgage Book 2009 at page 53160 (the "Mortgage"), and that The Corner Stone Bank has a superior legal interest in 3606 Southern Hills Boulevard because the filing of the Mortgage preceded the date the real property became subject to forfeiture by virtue of any judgment of *lis pendens* the United States has obtained against the defendant or subject property. The United States conceded that its authorization to seize 3606 Southern Hills Boulevard was subject to the superior legal interest of The Corner Stone Bank (Doc. 14).

As a result, the United States agreed to waive the provisions of 21 U.S.C. § 853(k)(2) and the requirements of 21 U.S.C. § 853(n) with respect to The Corner Stone Bank, and upon entry of the Court's Preliminary Order of Forfeiture, the United States asked this Court to allow The Corner Stone Bank to be authorized to do the following: (1) file and proceed with a state court judicial foreclosure action in Benton County Circuit Court (the "State Court Proceeding") to

seek a foreclose sale against those properties which secure the Mortgage, said properties being more particularly described in Exhibit "A," which was incorporated by reference in the Supplement to the Preliminary Order of Forfeiture; (2) name the United States as a party to the State Court Proceeding; and (3) seek the appointment of a receiver in the State Court Proceeding, to take control and possession of the Properties, to collect the rents therefrom, and to preserve and generally manage the Properties pending the foreclosure sale (Doc. 14, Doc. 15 and its Attachment).

The Corner Stone Bank has commenced foreclosure proceedings on 3606 Southern Hills Boulevard in Benton County Circuit Court, Case Number CV10-1102-5, and has named the United States as a party in that suit.

Under Fed. R. Crim. P. 32.2(b)(4)(A), the Preliminary Order of Forfeiture entered on March 10, 2010 and its Supplement filed on March 19, 2010, will become final as to the defendant at the time of his sentencing.

The United States has timely published notice of the Court's Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 982(b)(1) and Fed. R. Crim. P. 32.2(b)(6), and on June 21, 2010, an attorney for the United States filed a Notice of Proof of Publication, showing that for 30 days, notice of the Court's Preliminary Order of Forfeiture was advertised on www.forfeiture.gov (Doc. 17).

Other than the interest of The Corner Stone Bank, whose interest the United States brought to the Court's attention prior to the entry of the Preliminary Order of Forfeiture, and whose interest is recognized in the Preliminary Order of Forfeiture, no additional third party claims have been received by the United States or the Court.

Regarding the money judgment in the amount of $1,887,983.90 entered against the

4

defendant, Fed. R. Crim. P. 32.2(c)(1) provides no ancillary procedure is required to extent that the forfeiture consists of a money judgment.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

That the defendant Billy Craig Underwood shall forfeit to the United States, $1,887,983.90, and a money judgment in the amount of $1,887,983.90 shall be entered against the defendant pursuant to 28 U.S.C. § 2461(c).

That based upon the defendant's guilty plea and the plea agreement between the defendant and the United States, subject to the superior legal interest of The Corner Stone Bank, any and all interest of the defendant in the following parcel of real estate, together with buildings, appurtenances, improvements, fixtures, attachments and easements on said parcel:

> The premises known as 3606 Southern Hills Blvd, Rogers, Arkansas, 72758, otherwise known as the primary business premises of American Mortgage of Rogers (AMR), American Title and Escrow (ATE) and Eagle Realty, with the following legal description:
>
> 1.06 acres MOL, and part of Section 27, Township 19 and Range 30, of the City of Rogers, Benton County, Arkansas, otherwise known as Lot 3, Southern Hills Business Park, Addition to the City of Rogers, Benton County, Arkansas as shown on Plat Book 2003 at page 242 & 243.

shall be forfeited to the United States pursuant to 28 U.S.C. § 2461(c).

The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at this time, and shall be made part of the sentence and included in the judgment.

Pursuant to Rule 32.2(e), the United States may move at any time to amend this order of forfeiture to substitute property having a value not to exceed the forfeited property to satisfy its

interest in whole or in part.

IT IS SO ORDERED this __10th__ day of September, 2010

_____
HONORABLE JIMM LARRY HENDREN
CHIEF UNITED STATES DISTRICT JUDGE

Approved and consented to by:

_____
Matthew Wilson, Assistant United States Attorney

_____
Billy Craig Underwood, Defendant

_____
Bruce Mulkey, Attorney for the Defendant

_____
Jenny Garrett, Attorney for The Corner Stone Bank

6