U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 2 6 2013

CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br>     USA <br> V. <br><br> BILLY CRAIG UNDERWOOD, <br>     Underwood | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CRIMINAL ACTION NO: <br> 5:09-CR-50090-JLH <br><br> CIVIL ACTION NO: <br> 5:12-CV-05104-JLH |

## Application for Certificate of Appealability

Billy Craig Underwood, appearing Pro se, Petitioner, applies to this Court, under provisions of Rule 22(b) (1) of the Federal Rules of Appellate Procedure and Section 2253(c) of Title 28 of the United States Code for a Certificate of Appealability of this Court's Judgment denying the 2255 Motion filed in this matter.

The grounds for this application are:

1.) This Court entered a Final, Appealable Judgment in this matter on July 31, 2013 that denied Petitioner relief on his 2255 Motion.

2.) Petitioner desires to appeal this Judgment, as it authorized by Section 2253(a) of Title 28 of the United States Code. However, section 2253(c)(1) and Appellate Rule 22(b)(1) require a Certificate of Appealability as a precondition of proceeding with the Appeal.

3.) Under Rule 11(a) of the Rules governing Section 2255 Proceedings, this Court should reconsider the propriety of a Certificate of Appealability at the time it denies Petitioner's relief in this matter.

4.) A timely notice of Appeal was filed in this matter simultaneously with this application.

5.) For reason's more fully explained in the supporting Memorandum of Points and Authorities, a Certificate of Appealability should be issued on the following issues:

(a) Issue I (Claim 5): Underwood contends that the Government breached the Plea Agreement between the parties when it failed to advise the Court that Underwood was entitled to an additional one point because he accepted responsibility for his crime and then subsequently advised the Court that the Government doubted Underwood had accepted responsibility. Further, both Underwood's trial and appellate attorneys failed to properly preserve this error for review, creating a Sixth Amendment violation due to ineffective assistance of counsel.

(b) Issue II (Claim 6) Underwood's constitutional rights under the Sixth Amendment were violated due to the ineffective assistance of his trial counsel when his trial counsel elected to have Underwood testify at the Sentencing Hearing to bolster the attorney's argument for a USSG § 5H1.6 sentencing departure by failing to prepare Underwood for cross-examination by the Government regarding issue such as relevant conduct, number of victims issues, sophisticated means issue, and acceptance of responsibility issues that counsel should have known would likely arise. Further, Underwood's counsel after meeting with Underwood on several occasions to discuss the specific activities surrounding the crime Underwood committed and his activities post indictment failed to recognize that Underwood's truthful testimony to the Government and the Court, as was required by the Plea Agreement, would shatter his Sentencing Hearing arguments regarding: (1) there were less than 10 victims; (2) the crime did not require sophisticated means; and (3) Underwood was an indispensible caregiver to his son deserving of a 5H1.6 departure. In addition, by having Underwood testify without preparation, he subjected Underwood to Government cross examination which jeopardized Underwood's receipt of a three point reduction for acceptance of responsibility without advising Underwood of the inherent risks of testifying.

(c) Issue III: The Court committed procedural error by not conducting an Evidentiary Hearing after reviewing Underwood's truthful non-speculative allegations that were neither contradicted by the record nor contested by the Government.

6.) A Certificate of Appealability is proper on these Issues because, as is argued in the attached supporting Memorandum, Petitioner has made a substantial showing of the denial of Constitutional Rights on these Issues within the meaning of Section 2253(c)(2) of Title 28 of the United States Code.

This Motion is based on this document, the Notice of Appeal which has been filed with this Application, the attached Memorandum of Points and Authorities, on all of the pleadings and papers filed in this Action and on whatever argument and evidence the Court may permit at any Hearing on this Motion.

Dated: August 23, 2013

Respectfully submitted,

Billy Craig Underwood, Pro se
Reg. # 08263-010
FCI-Texarkana
P.O. Box 7000
Texarkana, Texas 75505

## CERTIFICATE OF SERVICE

I, Billy Craig Underwood, hereby certify that I have served a true and Complete copy of the Application for Certificate of Appealability to:

Wendy L. Johnson
Assistant United States Attorney
U.S. Attorney's Office
P.O. Box 1524
414 Parker Avenue
Fort Smith, Arkansas 72902

By placing the same in the care and custody of Prison Officials at FCI-Texarkana on this 23rd day of August, 2013, with sufficient postage affixed. It would be noted that this service would be deemed filed at the time it was delivered to Prison Authorities for forwarding to the court. See Houston v. Lack, 487 U.S. 266 (1988).

Billy Craig Underwood
Reg. # 08263-010
FCI-Texarkana
P.O. Box 7000
Texarkana, Texas 75505